UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

Caitlin Normington, and
Charles Carpenter Bailey

                                                                          Civ. Action No.: 1:18-cv-11676

                  *Plaintiffs*,

          -against-

William Francis Galvin, in his official capacity as
Secretary of the Commonwealth of Massachusetts,

Kathleen Spofford, in her official capacity as
Town Clerk for the Town of Townsend, Mass.,

Joyce Green, in her official capacity as
Town Clerk for the Town of Hubbardston, Mass.,

                                           *Defendants*.
_____

## SECOND AMENDED COMPLAINT

1. This Complaint challenges the Massachusetts election statute and regulations, G.L. c. 54, § 65 and 950 CMR 54.04(22)(d) (the "Election Law"), that prohibit constitutionally protected expressive activity, including wearing buttons or clothing depicting a "picture," or possessing a handbill or placard, where such activity is "intended to influence the action of the voter." This Election Law renders constitutionally protected expressive activity subject to civil penalties and sanctions, and therefore constitutes an unconstitutional abridgement of Plaintiffs' First Amendment rights to free speech.

2. Under the Election Law, voters are prohibited from, *inter alia*, wearing political buttons, or apparel with a "picture," or bringing political handbills or placards into

1

the polling place or within 150 feet of the entrance to the polling place. Moreover, G.L. c. 54, § 75 requires election officers to report violations of, *inter alia*, G.L. c. 54, § 65 to the police, who are statutorily required to "cause the offender to be prosecuted."

3. The United States Supreme Court recently struck down a similar ban enacted by the State of Minnesota in *Minnesota Voters' Alliance v. Mansky*, 138 S. Ct. 1876, decided on June 15, 2018.

4. This Complaint seeks a declaratory judgment that the Election Law violates the First Amendment because it bars voters from wearing political buttons, clothing or apparel depicting a picture, or handbills or placards, that are "intended to influence the action of the voter". This Complaint also seeks a permanent injunction prohibiting the individual Defendants and any other Massachusetts official from enforcing the Election Law to the extent that they prohibit voters from, *inter alia*, wearing political buttons, or apparel with a "picture," or bringing political handbills or placards that are "intended to influence the action of the voter" into the polling place or within 150 feet of the entrance to the polling place.

5. Equitable relief is necessary because there is no adequate remedy at law.

6. Preliminary injunctive relief is also necessary because the primary elections occurred on September 4, 2018, and the general election will occur on November 6, 2018, at which time Plaintiffs will be prohibited from exercising their First Amendment rights.

7. Therefore, due to the impending election deadline, a preliminary injunction is necessary to avoid further violating Plaintiffs' First Amendment rights.

8. Plaintiff Normington also asserts an as applied challenge to the Election Law.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs challenge a Massachusetts law as violating Plaintiffs' rights guaranteed under the First Amendment to the U.S. Constitution.

10. Federal question jurisdiction is also appropriate because this action is brought pursuant to 42 U.S.C. § 1983 against the individual Defendants, who by enforcing the Election Law would violate Plaintiffs' constitutional rights under the color of state law. 28 U.S.C. § 1343 (2012); *see also id.* § 1331.

11. Venue is proper in this Court because all Defendants reside in the Commonwealth of Massachusetts and majority of Defendants reside in and have their offices within this Division.

12. Additionally, a substantial part of the events that would give rise to Plaintiffs' claims are also located within this District and within this Division. *See id.* § 1391(b)(2).

## PLAINTIFFS

13. Plaintiff Caitlin Normington ("Mrs. Normington") resides at 532 Main Street, Townsend, Massachusetts. Her residence is located within Middlesex County.

14. Mrs. Normington is a registered Massachusetts voter and she intends to vote in the upcoming general election. She is registered in the Democratic Party. She intends to wear political buttons and apparel and conduct other expressive activity on election day that is currently proscribed by Massachusetts Election Law. The

ambiguity of the Election Law leaves her ability to engage in such expressive activity chilled by the fear of possible legal sanction and fines for engaging in passive expressive activity, such as wearing apparel that contains a political message.

15. Plaintiff Charles Carpenter Bailey ("Mr. Bailey") resides at 91 Gardner Road, Hubbardston, Massachusetts.  His residence is located within Worcester County.

16. Mr. Bailey is a registered Massachusetts voter and he intends to vote in the upcoming general election.  He is registered in the Republican Party.  He also intends to wear political buttons and apparel and conduct other expressive activity on election day that is currently proscribed by Massachusetts Election Law. The ambiguity of the Election Law leaves his ability to engage in such expressive activity chilled by the fear of possible legal sanction and fines for engaging in passive expressive activity, such as wearing apparel that contains a political message.

17. Plaintiffs also intend to carry political handbills or placards with them into the polling place, for personal reference with respect to their favored candidates, to aid in casting their ballots.  They fear, however, that the statute could be construed in such a manner that they could be subject to sanction if they are deemed to have displayed such literature in a manner that is "intended to influence the action of the voter."

18. Plaintiffs, however, are prohibited from exercising their rights guaranteed under the First Amendment to the U.S. Constitution to wear political buttons, or apparel with a "picture," or bring political handbills or placards into the polling place or within

4

150 feet of the entrance to the polling place, that are "intended to influence the action of the voter."

## DEFENDANTS

19. William Francis Galvin ("Galvin") is the Secretary of the Commonwealth of Massachusetts. He is sued in his official capacity. His official address is: Elections Division, McCormack Building, One Ashburton Place, Room 1705, Boston, Massachusetts 02108.

20. Kathleen Spofford ("Spofford"), the Town Clerk for the Town of Townsend, Mass., is responsible for managing the polling place where Mrs. Normington will cast her vote on November 6, 2018. Spofford is sued in her official capacity, and her official address is: 272 Main Street, lower level, Townsend, Massachusetts 01469.

21. Joyce Green ("Green") is the Town Clerk for the Town of Hubbardston MA, who is responsible for managing the polling place where Mr. Bailey will cast his vote on November 6, 2018. Green is sued in her official capacity, and her official address is: 7 Main Street, Unit 12, Hubbardston, Massachusetts 01452.

## THE FIRST AMENDMENT

22. The First Amendment declares that "Congress shall make no law… abridging the freedom of speech… or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

23. The First Amendment is "[p]remised on mistrust of governmental power" and is at "'its fullest and most urgent application' to speech uttered during a campaign for political office."  *Citizens United v. FEC*, 558 U.S. 310, 339-40 (2010).

24. Speech concerning salient political issues is constitutionally enshrined because it is "the type of speech [that is] indispensable to decision making in a democracy[.]" *First Nat'l Bank v. Bellotti*, 435 U.S. 765, 776-77 (1978).

25. A person's ability to exercise their rights guaranteed under the First Amendment is "'undeniably enhanced by group association.'" *Buckley v. Valeo*, 424 U.S. 1, 15 (1976) (quoting *NAACP v. Alabama*, 357 U.S. 449, 460 (1958)).  Both the First and the Fourteenth Amendments, therefore, guarantee the "'freedom to associate with others for the common advancement of political beliefs and ideas….'" *Kusper v. Pontikes*, 414 U.S. 51 at 56 (1973); *see also Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983) ("'[T]he right of individuals to associate for the advancement of political beliefs . . . rank[s] among our most precious freedoms.'").

26. The First Amendment—through the Fourteenth Amendment—applies to state government action. *Lerman v. Bd. of Elections*, 232 F.3d 135, 145 (2d Cir. 2000).

27. This Complaint challenges the Massachusetts Election Law that is unconstitutional under the U.S. Supreme Court's analysis in *Minnesota Voters' Alliance*)  This statute and regulation , namely Mass. Gen. Laws, ch. 54, § 65 and 950 C.M.R. § 54.04(22)(d), prohibit voters from wearing political buttons or apparel or bringing political handbills or placards into a polling place.

## **Massachusetts Law**

28. Under Massachusetts law, voters are prohibited from engaging in constitutionally protected passive expression, such as wearing political buttons or apparel, possessing a handbill or placard where such activity is "intended to influence the action of the voter". Notably, neither the statute nor regulation elaborate as to how to identify an item that is "intended to influence the action of the voter." Mass. Gen. Laws ch. 54, § 65 provides in relevant part as follows:

> At an election of state or city officers, and of town officers in towns where official ballots are used, the presiding election officer at each polling place shall, before the opening of the polls, post at least three cards of instruction, three cards containing abstracts of the laws imposing penalties upon voters, and at least three specimen ballots within the polling place outside the guard rail, and have available at the check in area at state elections a number of copies of the information for voters material provided for in section fifty-four at least one for every one hundred voters; and **no other** poster, card, **handbill**, placard, **picture** or circular **intended to influence the action of the voter shall be posted, exhibited**, circulated or distributed **in the polling place, in the building where the polling place is located**, on the walls thereof, on the premises on which the building stands, **or within one hundred and fifty feet of the building entrance door to such polling place**. ….
>
> Whoever posts, **exhibits**, circulates or distributes any poster, card, **handbill, placard, picture** or circular **intended to influence the action of a voter**, or any paster to be placed upon the official ballot, in violation of any provision of this section, **shall be punished by a fine** of not more than twenty dollars.

Mass. Gen. Laws, ch. 54, § 65 (emphasis added); *see also* 950 C.M.R. § 54.04(22)(d).

29. Secretary of State Galvin's website describes his understanding of this statute on his official website at http://www.sec.state.ma.us/ele/legalsum.htm (emphasis added):

> On Election Day, **certain activities are prohibited within the polling location and within 150 feet of the polling place**. **General Law chapter 54, section 65 prohibits within 150 feet of a polling location, among other things**, the posting, **exhibition**, circulation, or distribution **of material--including** pasters, **stickers**, posters, cards, **handbills**, placards, **pictures** or circulars--**intended to**

7

**influence the action of the voter**. G. L. 54, § 65 (2002 ed.). Consistent with the activities restricted by statute, **the implementing regulations** prohibit the solicitation of votes for or against, or any other form of promotion or opposition of, any person or political party or position on a ballot question, to be voted on at the current election. 950 C.M.R. § 54.04(22)(d). Accordingly, a **person standing within 150 feet of a polling location**, including observers in the polling location, **may not**: hold any campaign sign; hand any person literature intended to influence the voter's action at the polls; **wear any campaign buttons** or identifying signage; solicit a person's vote for or against a candidate or question on the ballot; or, distribute stickers. Circulators of nomination papers, initiative and referenda petitions are also restricted from soliciting signatures within 150 feet of a building entrance door to a polling place. G. L. c. 54, § 65 (2002 ed.). This is true even where the nomination papers, initiative petition or referendum have nothing to do with the current election.
**General Law chapter 54, section 65, does not limit the voter themselves from bringing material into the voting booth. They can bring preprinted brochures or pamphlets, or their own notes**. The voter may also bring with them a sticker, handed to them on their way into the polls by one of the write-in candidates, to affix to the ballot. However, there are **criminal penalties for exhibiting such materials**. Accordingly, **voters should not display campaign literature while in the polling location**. Additionally, it is incumbent on the election officers to check the voting booths regularly to see that no one has left any materials behind. 950 C.M.R. § 54.04(22)(b).

## **FACTS**

30. Plaintiffs are registered voters in Massachusetts who want to wear political buttons, or apparel with a "picture," or bring political handbills and placards into the polling place or within 150 feet of the entrance to the polling place, that could be deemed as having been "intended to influence the action of the voter."

31. Plaintiffs intend to exercise their rights to engage in passive expressive activity as they cast their votes on November 6, 2018, as well as other future elections.

32. Plaintiffs also intend to bring political handbills and placards for their favored candidates into the polling place as they vote, and wish to do so without fear of sanction if they "display" such materials.

33. Plaintiffs also want to associate with like-minded voters.

8

34. Mrs. Normington is an enrolled member of the Democratic Party.

35. Mr. Bailey is an enrolled member of the Republican Party.

36. The burdens on Plaintiffs' First Amendment speech rights are severe.

37. Plaintiffs both would have worn political buttons and or brought with them political placards into their respective polling places during past elections. In particular, Caitlin Normington would have worn "I'm with Her" button while voting in the 2016 primary and general elections. Bailey would have worn a Trump/Pence button and other apparel while voting in the 2016 primary and general elections.

38. The parties entered into a Stipulation for interim relief (Dkt. No. 8) in advance of the Sept. 4, 2018 primary election to confirm that Plaintiffs would be permitted to wear certain political buttons while voting in the primary and general elections. Although Plaintiff Normington had a copy of the Stipulation in hand, she was nonetheless not permitted to vote while wearing various Bernie Sanders buttons (i.e., buttons such as "Bernie 20", "Bernie Sanders for President 2020", "Hindsight is 2020: Feel the Bern").

## COUNT I

### (Violation of First Amendment -- 42 U.S.C. § 1983 Claim – Passive "Political" Expression Within the Polling Place)

39. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully stated herein.

40. Plaintiffs wish to exercise their First Amendment rights to free speech and association by wearing political buttons, or apparel with a "picture," that could be

9

deemed as having been "intended to influence the action of the voter," while voting at their respective polling places.

41. Plaintiffs also wish to bring with them handbills and placards for favored candidates, and possibly other placards that may be distributed to them outside the polling place, as they enter their respective polling places to vote in the 2018 primary and general elections.  Possession of political placards/handbills allows Plaintiffs and similarly situated voters to vote for and associate with persons of a favored political party or group without having to remember their names and offices being sought, which can be difficult when there are numerous offices on the ballot.  This Massachusetts Election Law favors well-known incumbents to the detriment of political newcomers and to the detriment of voters.

42. Because Mass. Gen. Laws, ch. 54, § 65 and 950 C.M.R. § 54.04(22)(d) directly limit core political speech, this statutory/regulatory scheme is subject to strict scrutiny. *Lerman*, 232 F.3d at 146 ("[R]estrictions on core political speech so plainly impose a 'severe burden' that application of strict scrutiny clearly will be necessary."); *see also Am. Constitutional Law Found.*, 525 U.S. at 186.  But even if the polling place is deemed a non-public forum, the statute must nonetheless be struck down because it restricts too broadly (i.e., "within one hundred and fifty feet of the building entrance door to such polling place"), and is unconstitutional as drafted under *Minnesota Voters' Alliance*, *supra*.  In other words, the challenged statute and regulation must fail, regardless of the level of scrutiny applied.

43. The U.S. Supreme Court has already ruled that a similar ban on "political" apparel was an unconstitutional violation of the First Amendment. *Minnesota Voters' Alliance*, *supra*.

44. Similar to the Minnesota statute struck down by the United States Supreme Court, the ban on political" buttons and placards in the Massachusetts Election Law lacks a compelling interest. Even if the Defendants have an interest in preventing conduct that might intimidate or unduly influence the average or reasonable voter, to give voters an atmosphere conducive to reflection and voting, this goal is not satisfied by the passive display of a political button, or the possession (as opposed to distribution) of a political placard or handbill.

45. Further, if Massachusetts were found to have a compelling interest, the Election Law is not sufficiently narrowly tailored. Massachusetts' interest can be preserved with a narrowly tailored statute that does not ban passive expressive activity.

46. 42 U.S.C. § 1983 permits plaintiffs to sue state actors in law or in equity, when state actors, under the color of state law, violate plaintiffs' constitutional rights. Here, pursuant to Mass. Gen. Laws, ch. 54, § 65 and 950 C.M.R. § 54.04(22)(d), Defendants have prevented Plaintiffs from exercising their "core political speech" rights guaranteed under the First Amendment to the U.S. Constitution.

## COUNT II

**(Violation of First Amendment -- 42 U.S.C. § 1983 Claim – Passive "Political" Expression Outside the Polling Place)**

47. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully stated herein.

48. Plaintiffs wish to exercise their First Amendment rights to free speech and association by wearing political buttons, or apparel with a "picture," that could be deemed as having been "intended to influence the action of the voter," while "within one hundred and fifty feet of the building entrance door to such polling place."

49. Plaintiffs also wish to bring with them handbills or placards for favored candidates, and possibly other placards that may be distributed to them outside the polling place, while they are "within one hundred and fifty feet of the building entrance door to such polling place," preparing to vote in the 2018 primary and general elections.  Possession of political placards/handbills allows Plaintiffs and similarly situated voters to vote for and associate with persons of a favored political party or group without having to remember their names and offices being sought, which can be difficult when there are numerous offices on the ballot.  This statute favors well-known incumbents to the detriment of political newcomers and to the detriment of voters.

50. Because Mass. Gen. Laws, ch. 54, § 65 and 950 C.M.R. § 54.04(22)(d) directly limit core political speech, this statutory/regulatory scheme is subject to strict scrutiny. *Lerman*, 232 F.3d at 146 ("[R]estrictions on core political speech so plainly impose a 'severe burden' that application of strict scrutiny clearly will be necessary."); *see also Am. Constitutional Law Found.*, 525 U.S. at 186.

51. The U.S. Supreme Court has already ruled that a similar ban on "political" apparel was an unconstitutional violation of the First Amendment.  *Minnesota Voters' Alliance*, *supra*.

52. Similar to the Minnesota statute struck down by the United States Supreme Court, the ban on political" buttons and placards in Mass. Gen. Laws, ch. 54, § 65 and 950 C.M.R. § 54.04(22)(d) lacks a compelling interest.  Even if the Commonwealth has an interest in preventing conduct that might intimidate or unduly influence the average or reasonable voter, to give voters an atmosphere conducive to reflection and voting, this goal is not satisfied by the passive display of a political button, or the possession (as opposed to distribution) of a political placard or handbill.

53. Further, if Massachusetts were found to have a compelling interest, Mass. Gen. Laws, ch. 54, § 65 and 950 C.M.R. § 54.04(22)(d) are not sufficiently narrowly tailored.  Massachusetts' interest can be preserved with a narrowly tailored statute that does not ban passive expressive activity.

54. 42 U.S.C. § 1983 permits plaintiffs to sue state actors in law or in equity, when state actors, under the color of state law, violate plaintiffs' constitutional rights.  Here, pursuant to Mass. Gen. Laws, ch. 54, § 65 and 950 C.M.R. § 54.04(22)(d), Defendants have prevented Plaintiffs from exercising their "core political speech" rights guaranteed under the First Amendment to the U.S. Constitution.

**COUNT III**

**(Declaratory Judgment)**
**28 U.S.C. s. 2201(a)**

55. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully stated herein.

56. There is an actual, justiciable controversy between the parties.

57. Plaintiffs seek judgment pursuant to 28 U.S.C. § 2201(a) declaring the rights and other legal relations of the parties.

58. In particular, Plaintiffs seek judgment declaring that Mass. Gen. Laws, ch. 54, § 65 and 950 C.M.R. § 54.04(22)(d) are unconstitutional, null and void to the extent that they apply to political buttons, or apparel with a "picture," or bringing political handbills or placards into the polling place or within 150 feet of the entrance to the polling place, and that this statute and regulation are unenforceable in advance of the 2018 primary and general elections.

59. Plaintiffs seek a declaration that they may lawfully and without fear of sanction or prosecution wear political buttons, or apparel with a "picture," or possess political placards when voting in their respective polling places. If the challenged statute and regulation are not declared invalid and void, then Plaintiffs request a declaration that they may wear political buttons and apparel, and possess placards for their favored candidates within 150 feet of the polling place entrance during the primary and general elections.

## COUNT IV

### (As Applied Challenge by Caitlin Normington)

60. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully stated herein.

61. Plaintiff Caitlin Normington attempted to vote in the Sept. 4, 2018 primary election while wearing several political buttons advocating for the election of Bernie Sanders as President in 2020. Mrs. Normington, however, was informed that she

had to remove the buttons before voting. At that point, she showed the election officials a copy of the Stipulation For Interim Relief, which permitted her to wear the Sanders buttons. Nonetheless, she was informed that she would not be permitted to wear the buttons while voting.

62. Mrs. Normington suffered embarrassment and humiliation at being brusquely informed that she was not permitted to do what she was definitively permitted to do as per the Stipulation executed by the Attorney General's Office. She was made to feel like a criminal for exercising her First Amendment rights, despite having a written stipulation from the Attorney General's Office specifically authorizing her to vote while wearing political buttons unrelated to any candidate on the ballot in 2018.

63. Mrs. Normington was denied her First Amendment rights in violation of the Stipulation and the Election Law. This incident demonstrates that election inspectors are inadequately trained to implement the Election Law.

64. Mr. Carpenter, on the other hand, was permitted to wear vintage Bush and Reagan buttons while voting on Sept. 4, 2018, demonstrating that the ability to exercise one's First Amendment rights is often contingent upon which election inspector is encountered at the poll, thus subjecting the ability to exercise such rights to the arbitrary determinations by improperly trained election inspectors.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiffs request judgment on all causes of action and that they be awarded relief to include:

A. Pursuant to 28 U.S.C. §§ 2201(a), 2202, a declaration that Mass. Gen. Laws, ch. 54, § 65 and 950 C.M.R. § 54.04(22)(d) are unconstitutional to the extent that they apply to buttons, placards, handbills, or apparel with a "picture" that may be deemed "intended to influence the action of the voter," because this statute and regulation violate Plaintiffs' First Amendment free speech and free associational rights.

B. Preliminary and permanent injunctions against the Defendants and their agents and successors from enforcing Mass. Gen. Laws, ch. 54, § 65 and 950 C.M.R. § 54.04(22)(d).

C. An award for Plaintiffs' reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b).

D. An award for damages for violation of Plaintiffs' First Amendment rights as against Defendants other than Mr. Galvin.

E. Any other relief that this Court deems just, including costs.

DATED:     October 18, 2018

**WEBSTER SZANYI LLP**
*Attorneys for Plaintiffs*

By:     */s/ Jeremy A. Colby*
         Jeremy A. Colby
         BBO No. 645358
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
jcolby@websterszanyi.com

        Dennis Murphy
        BBO No. 645168
        6 Beacon Street, Suite 600
        Boston, Massachusetts 02108
        dgusmurphy@gmail.com

To:   Maura Healey
      Attorney General
      Juliana deHaan Rice
      Assistant Attorney General
      *Attorneys for William Francis Galvin,*
      *In his official capacity as Secretary*
      *Of the Commonwealth of Massachusetts*
      Government Bureau
      One Ashburton Place
      Boston, Massachusetts 02108
      (617) 963-2583
      juliana.rice@state.ma.us

      Jackie Cowin
      KP Law, P.C.
      *Attorneys for Kathleen Spofford,*
      *In her official capacity as Town Clerk*
      *For the Town of Townsend, Mass. And*
      *Joyce Green, in her official capacity as*
      *Town Clerk for the Town of Hubbardston, Mass.*
      101 Arch Street
      Boston, Massachusetts 02110
      (617) 556-0007
      jcowin@k-plaw.com

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

_____

Caitlin Normington, and
Charles Carpenter Bailey

                    Civ. Action No.: 1:18-cv-11676

        *Plaintiffs*,

   -against-

William Francis Galvin, in his official capacity as
Secretary of the Commonwealth of Massachusetts,

Kathleen Spofford, in her official capacity as
Town Clerk for the Town of Townsend, Mass.,

Joyce Green, in her official capacity as
Town Clerk for the Town of Hubbardston, Mass.,


        *Defendants*.

_____


## **CERTIFICATE OF SERVICE**


  I hereby certify that on October 18, 2018, I electronically filed the Amended Complaint with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Maura Healey
Attorney General
Juliana deHaan Rice
Assistant Attorney General
*Attorneys for William Francis Galvin,
In his official capacity as Secretary
Of the Commonwealth of Massachusetts*
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2583
juliana.rice@state.ma.us

Jackie Cowin
KP Law, P.C.
*Attorneys for Kathleen Spofford,
In her official capacity as Town Clerk
For the Town of Townsend, Mass. And
Joyce Green, in her official capacity as
Town Clerk for the Town of Hubbardston, Mass.*
101 Arch Street
Boston, Massachusetts 02110
(617) 556-0007
jcowin@k-plaw.com

Dated:   October 18, 2018

### WEBSTER SZANYI LLP

Attorneys for Plaintiffs

By:   /s/ Jeremy A. Colby
Jeremy A. Colby
BBO No. 645358
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
jcolby@websterszanyi.com

Dennis Murphy
BBO No. 645168
6 Beacon Street, Suite 600
Boston, Massachusetts 02108
dgusmurphy@gmail.com