UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 18-CV-11676-NMG

CAITLIN NORMINGTON and CHARLES
CARPENTER BAILEY,

       Plaintiffs

v.

WILLIAM FRANCIS GALVIN, in his official
capacity as Secretary of the Commonwealth of
Massachusetts,

KATHLEEN SPOFFORD, in her official capacity as
Town Clerk for the Town of Townsend, Mass.,

JOYCE GREEN, in her official capacity as Town
Clerk for the Town of Hubbardston, Mass.,

       Defendants

ANSWER OF DEFENDANTS
KATHLEEN SPOFFORD
AND JOYCE GREEN TO THE
<u>SECOND AMENDED COMPLAINT</u>

1. Denied that the Election Law is unconstitutional. Further answering, the defendants Spofford and Green are not liable for any alleged infirmities in the Election Law.

2. The Election Law speaks for itself.

3. The referenced case speaks for itself.

4. Denied that the Election Law is unconstitutional. Further answering, the defendants Spofford and Green are not liable for any alleged infirmities in the Election Law.

5. Denied that relief is necessary.

6. Denied that relief is necessary.

7. Denied.

8. The allegations in this paragraph describe the nature of the claim made and do not require a response.

**JURISDICTION AND VENUE**

9. Admitted.

10. Denied that the individual defendants would violate the plaintiffs' rights by enforcing the Election Law.

11. Admitted.

12. Admitted.

**PLAINTIFFS**

13. Admitted that Normington is registered to vote at 532 Main Street, Townsend, in Middlesex County.

14. Admitted that Normington is registered to vote and enrolled in the Democratic party. The defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in the first and in the third sentences of this paragraph. The characterizations of the Election Law that are contained in the fourth sentence of this paragraph are denied.

15. Admitted that Charles Carpenter Bailey is registered to vote at 91 Gardner Road, Hubbardston, in Worcester County.

16. Admitted that Bailey is registered to vote and enrolled in the Republican party. The defendants are without knowledge or information sufficient to admit or deny the remaining allegations contained in the first and in the third sentences of this paragraph. The characterizations of the Election Law that are contained in the fourth sentence of this paragraph are denied.

17. The defendants are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

18. Denied that plaintiffs are prohibited from exercising their First Amendment rights. Further answering, the defendants Spofford and Green are not liable for any alleged infirmities in the Election Law.

## DEFENDANTS

19. The allegations contained in the first and third sentences of this paragraph are admitted. The allegations contained in the second sentence are characterizations of the complaint that do not require a response.

20. Admitted.

21. Admitted.

## THE FIRST AMENDMENT

22. The First Amendment speaks for itself.

23. The referenced case speaks for itself.

24. The referenced case speaks for itself.

25. The referenced case speaks for itself.

26. The referenced case speaks for itself.

27. Denied that the Election Law is unconstitutional. Further answering, the Election Law speaks for itself. Further answering, the defendants Spofford and Green are not liable for any alleged infirmities in the Election Law.

## MASSACHUSETTS LAW

28. The allegations contained in the second sentence of this paragraph are denied. Further answering, the referenced statute speaks for itself.

29. The referenced website speaks for itself. Further answering, defendants Spofford and Green do not have information or knowledge sufficient to form a belief as to whether the website reflects the Secretary of State's understanding of the law.

## FACTS

30. Admitted that plaintiffs are registered voters in Massachusetts. The defendants are without information or knowledge sufficient to admit or deny the remaining allegations contained in this paragraph.

31. The defendants are without information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

32. The defendants are without information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

33. The defendants are without information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

34. Admitted.

35. Admitted.

36. Denied.

37. The defendants are without information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

38. The Stipulation referenced in the first sentence of this paragraph speaks for itself. Denied that Normington had a copy of the Stipulation "in hand."

## COUNT I
### (42 U.S.C. § 1983)

39. The defendants incorporate herein their responses to all previous paragraphs of the complaint.

40. The defendants are without information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

41. The defendants are without information or knowledge sufficient to admit or deny the allegations contained in the first two sentences of this paragraph. The allegations contained in the third sentence of this paragraph are denied. Further answering, the defendants Spofford and Green are not liable for any alleged infirmities in the Election Law.

42. The allegations contained in this paragraph are legal conclusions that do not require a response. Denied that the Election Law is unconstitutional. Further answering, the defendants Spofford and Green are not liable for any alleged infirmities in the Election Law.

43. The referenced case speaks for itself.

44. The allegations contained in this paragraph are legal conclusions that do not require a response.

45. The allegations contained in this paragraph are legal conclusions that do not require a response.

46. 42 U.S.C. § 1983 speaks for itself. The allegations contained in the second sentence of this paragraph are denied. Further answering, defendants Spofford and Green are not liable for any alleged infirmities in the Election Law.

## COUNT II
**(42 U.S.C. § 1983)**

47. The defendants incorporate herein their responses to all previous paragraphs of the complaint.

48. The defendants are without information or knowledge sufficient to admit or deny the allegations contained in this paragraph.

49. The defendants are without information or knowledge sufficient to admit or deny the allegations contained in the first two sentences of this paragraph. The allegations contained in the third sentence of this paragraph are denied. Further answering, the defendants Spofford and Green are not liable for any alleged infirmities in the Election Law.

50. The allegations contained in this paragraph are legal conclusions that do not require a response.

51. The referenced case speaks for itself.

52. The allegations contained in this paragraph are legal conclusions that do not require a response.

53. The allegations contained in this paragraph are legal conclusions that do not require a response.

54. 42 U.S.C. § 1983 speaks for itself. The allegations contained in the second sentence of this paragraph are denied. Further answering, defendants Spofford and Green are not liable for any alleged infirmities in the Election Law.

## COUNT III
### (Declaratory Judgment)

55. The defendants incorporate herein their responses to all previous paragraphs of the complaint.

56. The allegations contained in this paragraph are legal conclusions that do not require a response.

57. The allegations contained in this paragraph are characterizations of the complaint that do not require a response.

58. Denied that the Election Law is unconstitutional. Further answering, defendants Spofford and Green are not liable for any alleged infirmities in the Election Law.

59. The allegations contained in this paragraph are characterizations of the relief sought that do not require a response.

## COUNT IV
## (As Applied Challenge by Normington)

60. The defendants incorporate herein their responses to all previous paragraphs of the complaint.

61. Admitted that an incident occurred at the polls in Townsend on September 4, 2018 involving plaintiff Normington and political buttons. Further answering, plaintiff Normington voted that day.

62. The characterizations contained in this paragraph are denied.

63. Denied.

64. The conclusion contained in this paragraph is denied.

## AFFIRMATIVE DEFENSES

1. The individual defendants are not liable for any alleged infirmities in the Election Law.

2. The individual defendants are entitled to qualified immunity.

3. The plaintiffs have failed to allege, and cannot establish, any unlawful custom or policy that caused the injuries which they claim to have suffered.

DEFENDANTS
KATHLEEN SPOFFORD
and JOYCE GREEN

By their attorneys,

/s/ Jackie Cowin
Lauren F. Goldberg (BBO# 631013)
Jackie Cowin (BBO# 655880)
KP Law, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110
(617) 556-0007
lgoldberg@k-plaw.com
jcowin@k-plaw.com

CERTIFICATE OF SERVICE

    I, Jackie Cowin, certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically. /s/ Jackie Cowin

649303/METG/1113