UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 18-CV-11676-NMG

CAITLIN NORMINGTON and CHARLES
CARPENTER BAILEY,

                Plaintiffs

v.

WILLIAM FRANCIS GALVIN, in his official
capacity as Secretary of the Commonwealth of
Massachusetts,

KATHLEEN SPOFFORD, in her official capacity as
Town Clerk for the Town of Townsend, Mass.,

JOYCE GREEN, in her official capacity as Town
Clerk for the Town of Hubbardston, Mass.,

                Defendants

JOINT SCHEDULING STATEMENT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(d), the parties respectfully submit the following Joint Statement.

**PRELIMINARY STATEMENT**

    **A.**    **Plaintiffs**

Plaintiffs Caitlin Normington and Charles Carpenter Bailey contend that their First Amendment rights are infringed by the Election Law as set forth in the Second Amended Complaint.  Defendant William Francis Galvin, in his official capacity as Secretary of the Commonwealth of Massachusetts, is sued because he is the public official responsible for administering elections in the Commonwealth and enforcing its election laws. Defendants Kathleen Spofford, in her official capacity as the Town Clerk for the Town of Townsend, Mass., and Joyce Green, in her official capacity as Town Clerk for the Town of Hubbardston, Mass.,

("Town Defendants") are sued primarily because they are the public officials responsible for the polling places where Plaintiffs vote.

Plaintiffs challenge the Commonwealth's Election Law to the extent that it proscribes passive political expression at the poll. Although one may think that the regulation of what type of buttons can be worn while voting to be trivial, recent events in Florida and other states show that any election law that gives discretion to those who administer our elections and determines who may vote and who may not creates the potential for deterring people from voting. In the most recent primary election, Plaintiff Carpenter was permitted to vote while wearing vintage Bush Reagan buttons, whereas Plaintiff Normington was not permitted to vote while wearing Bernie Sanders buttons. This disparate application of the Commonwealth's Election Law, which is confusing and inconsistent in certain respects, shows that the existing law, guidance, and/or training of election inspectors is deficient under the Supreme Court's recent guidance in *Mansky*.

### B.    Defendant Secretary of the Commonwealth

As the Supreme Court stated recently, "[c]asting a vote is a weighty civic act, akin to a jury's return of a verdict, or a representative's vote on a piece of legislation. It is a time for choosing, not campaigning." *Minnesota Voters Alliance v. Mansky*, 138 S. Ct. 1876, 1887 (2018). To provide voters a modest influence-free zone in which to process their thoughts and make their electoral choices free from political supplication, all 50 states plus the District of Columbia have adopted laws imposing a campaign-free area in and around polling places on Election Day. As noted by the Supreme Court, as long as states can "articulate some sensible basis for distinguishing what may come in from what must stay out," they may constitutionally restrict the display of campaign material inside or around the polling place. The Massachusetts law challenged here, M.G.L. c. 54, § 65, fits comfortably within the constitutional dimensions of

the First Amendment applicable to campaign activities in and around the polling place on Election Day.

### C.    Town Defendants

The Town defendants state that, if there are any infirmities in the Election Law, they may not be held liable for same.

## TIMETABLE FOR DISCOVERY AND MOTION PRACTICE

The parties propose the following schedule:

1.  Initial Disclosures to be served within 14 days of the Rule 16.1 Conference.

2.  Written discovery to be served by January 10, 2019.

3.  Responses to written discovery due by February 28, 2019.

4.  Fact depositions to be completed by April 30, 2019.

5.  Defendants to file Rule 56 motion(s) by July 19, 2019.

6.  Opposition(s) to Rule 56 motion(s) due by August 26, 2019.

7.  Replies, if any, due by September 16, 2019.

The parties do not foresee designating experts at this time; however, they reserve the right to designate experts and seek an amendment to the Scheduling Order to allow for expert discovery, if needed.

The parties do not seek any changes to the discovery limits set forth in Rules 30(d)(1) or 33(a)(1) of the Federal Rules of Civil Procedure.

## SETTLEMENT

Pursuant to Local Rule 16.1(c), Plaintiffs made a written proposal of settlement to the Defendants, and the parties continue to confer regarding the settlement proposal.

## TRIAL BY MAGISTRATE JUDGE

The parties do not unanimously consent to trial by a magistrate judge at this time.

## CERTIFICATIONS

Local Rule 16.1(d)(3) Certifications will be filed separately.

Respectfully submitted,

**WEBSTER SZANYI LLP**
*Attorneys for Plaintiffs*

By:      _/s/ Jeremy A. Colby_____
Jeremy A. Colby (BBO No. 645358)
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
jcolby@websterszanyi.com

Dennis Murphy  (BBO No. 645168)
6 Beacon Street, Suite 600
Boston, Massachusetts 02108
dgusmurphy@gmail.com

**MAURA HEALEY**
**ATTORNEY GENERAL**

Attorney for Defendant William Francis Galvin,
in his official capacity as Secretary of the Commonwealth

By:    /s/ Juliana deHaan Rice_____

Juliana deHaan Rice (BBO No. 564918)
Andrew Haile (BBO No. 694182)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2583

DEFENDANTS KATHLEEN SPOFFORD,
and JOYCE GREEN

By their attorneys,


  /s/ Jackie Cowin
Lauren F. Goldberg (BBO# 631013)
Jackie Cowin (BBO# 655880)
KP Law, P.C.
  Town Counsel
101 Arch Street
Boston, MA 02110
(617) 556-0007


DATED:        November 19, 2018


CERTIFICATE OF SERVICE

I,  Jeremy A. Colby, certify that the above document will be served by first-class mail upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically. /s/Jeremy A. Colby